## Joseph Millen, Appellee, v. American Bridge Company, Appellant.

### Gen. No. 18,927.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLAR-ENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed. Opinion filed February 17, 1914.

### Statement of the Case.

Action by Joseph Millen against American Bridge Company for injuries sustained while in the employ of the latter due to a fall caused by the slipping of a plate upon which plaintiff stood. From a judgment for plaintiff, defendant appeals.

KNAPP & CAMPBELL and WILLIAM BEYE, for appellant.

C. H. JOHNSON and DANIEL BELASCO, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

1.  MASTER AND SERVANT, § 452*—*knowledge of danger on part of servant.* Plaintiff testified that he was ordered by his foreman to get a steel plate, used in lining an ore pocket, from the bottom of a number of plates piled in the pocket; that to get a tackle for that purpose he stepped on a plate which slipped causing him to fall; that he was obliged to cross the plates to reach the tackle, and that before doing so he did not pay any attention to them, did not know how high they were piled nor how many there were. *Held,* that plaintiff's testimony showed that the danger was known to him, or in the exercise of ordinary care would have been known, and he was guilty of contributory negligence as a matter of law.

2.  MASTER AND SERVANT, § 127*—*master's duty as to safe place where conditions are changeable.* The absolute duty of the master to furnish a reasonably safe place for the servant to work is subject

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

to the exception that the master is not liable, where the danger to which the servant is exposed is merely transitory, due to no fault of plan or construction, but to the fact that the work is of such a character that as it progresses the environment of the servant necessarily undergoes frequent changes, and the injury is traceable to such a transitory change.

## Thomas Hart, Appellee, v. Scully Steel & Iron Company, Appellant,

### Gen. No. 18,951.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed February 17, 1914. Rehearing denied March 3, 1914.

### Statement of the Case.

Action by Thomas Hart against Scully Steel & Iron Company, a corporation, for personal injuries sustained by plaintiff while in its employ due to the alleged negligence of defendant's foreman in doing work in an unsafe manner. From a judgment for plaintiff, defendant appeals.

FRANK M. COX and R. J. FELLINGHAM, for appellant; FRANK T. WINSLOW, of counsel.

JAMES C. McSHANE, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 176*—*methods of work.* In an action for personal injuries to an employe it was shown that a wagon-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.